```
                UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF NEW HAMPSHIRE
```

Mohamed Daoud

    v.                                              Civil No. 11-cv-099-JL

Manchester Police Department, et al.

## REPORT AND RECOMMENDATION

Mohamed Daoud has filed a complaint against officers of the Manchester Police Department (doc. no. 1). Because Daoud is a prisoner proceeding pro se and in forma pauperis, the matter is before the court for preliminary review to determine, among other things, whether the complaint states any claim upon which relief might be granted. See 28 U.S.C. § 1915A; Local Rules of the United States District Court for the District of New Hampshire ("LR") Rule 4.3(d)(2).

### Standard of Review

Under LR 4.3(d)(2), when an incarcerated plaintiff or petitioner commences an action pro se, the magistrate judge conducts a preliminary review. The magistrate judge may issue a report and recommendation after the initial review, recommending that claims be dismissed if the court lacks subject matter jurisdiction, the defendant is immune from the relief sought, the complaint fails to state a claim upon which relief may be

granted, the allegation of poverty is untrue, or the action is frivolous or malicious. See id. (citing 28 U.S.C. § 1915A & Fed. R. Civ. P. 12(b)(1)). In conducting a preliminary review, the magistrate judge construes pro se pleadings liberally, to avoid inappropriately stringent rules and unnecessary dismissals. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (following Estelle v. Gamble, 429 U.S. 97, 106 (1976), to construe pleadings liberally in favor of pro se party); Castro v. United States, 540 U.S. 375, 381 (2003).

To determine if the complaint states any claim upon which relief could be granted, the court applies a standard analogous to that used in reviewing a motion to dismiss filed under Fed. R. Civ. P. 12(b)(6). The court decides whether the complaint contains sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).

To make this determination, the court employs a two-pronged approach. See Ocasio-Hernández v. Fortuño-Burset, 640 F.3d 1, 12 (1st Cir. 2011). The court first screens the complaint for statements that "merely offer legal conclusions couched as fact or threadbare recitals of the elements of a cause of action." Id. (citations, internal quotation marks and alterations omitted). A claim consisting of little more than "allegations that merely parrot the elements of the cause of action" may be

dismissed.  Id.  The second part of the test requires the court to credit as true all non-conclusory factual allegations and the reasonable inferences drawn from those allegations, and then to determine if the claim is plausible.  Id.  The plausibility requirement "simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence" of illegal conduct.  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007).  The "make-or-break standard" is that those allegations and inferences, taken as true, "must state a plausible, not a merely conceivable, case for relief."  Sepúlveda-Villarini v. Dep't of Educ., 628 F.3d 25, 29 (1st Cir. 2010); see Twombly, 550 U.S. at 555-56 ("Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." (citations and footnote omitted)).

Evaluating the plausibility of a claim is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  Iqbal, 129 S. Ct. at 1950 (citation omitted).  In doing so, the court may not disregard properly pleaded factual allegations or "attempt to forecast a plaintiff's likelihood of success on the merits."  Ocasio-Hernández, 640 F.3d at 13.  "The relevant inquiry focuses on the reasonableness of the inference of liability that the

plaintiff is asking the court to draw from the facts alleged in the complaint."  Id.

## Background

Daoud was arrested on December 31, 2009, on a charge of first degree assault.  After his arrest, Manchester Police Department ("MPD") Officer R. Gravelle told MPD Officer Benjamin Foster that Daoud's victim had died and then been resuscitated on the operating table.  Foster included that information in his police report.

Daoud states that he was provided with the victim's medical records during the discovery process and that those records do not reveal that the victim ever died, and that the records further state that the victim's injuries were not life-threatening.  Daoud claims that the court set high bail for him because of the false information contained in Foster's report regarding the death and resuscitation of his victim.

## Claims[1]

1. Officer Foster violated Daoud's unspecified "human rights" by falsely stating in his police report that Daoud's victim had died and been resuscitated.

---

[1] The claims as identified herein will be considered to be the claims raised in the complaint in this matter for all purposes.  If plaintiff objects to this identification of the claims, he must properly file either an objection to this Report and Recommendation or a motion to amend his complaint.

  2. Daoud was improperly held on high bail as a result of the lie contained in Officer Foster's police report, in violation of (a) the Fourth and Fourteenth Amendment; (b) the Eighth Amendment's Excessive Bail Clause; and (c) state law.

**Discussion**

I. <u>Human Rights Violation</u>

  Daoud claims that his human rights were violated when Officer Foster lied in a police report. Daoud does not state what particular "human right" was violated, and the court can ascertain none. Accordingly, Daoud's claim of a human rights violation should be dismissed.

II. <u>High Bail</u>

  A. <u>42 U.S.C. § 1983</u>

  Section 1983 creates a cause of action against those who, acting under color of state law, violate federal constitutional or statutory law. <u>See</u> 42 U.S.C. § 1983; <u>City of Okla. City v. Tuttle</u>, 471 U.S. 808, 829 (1985); <u>Wilson v. Town of Mendon</u>, 294 F.3d 1, 6 (1st Cir. 2002). 42 U.S.C. § 1983 provides that:

> Every person who under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

In order for a defendant to be held liable under § 1983, his or her conduct must have caused the alleged constitutional or statutory deprivation.  See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 692 (1978); Soto v. Flores, 103 F.3d 1056, 1061-62 (1st Cir. 1997).  Here, Daoud claims that the defendants, who are state actors, violated his federal constitutional rights.  As such, his claims arise under § 1983.

    B.    Fourth and Fourteenth Amendment Claim

Daoud asserts that he was improperly detained pretrial, as his bail was set in an amount too high for him to post, due to the false statement in Officer Foster's police report.  Although Daoud does not identify the constitutional provision under which he seeks to proceed, the claim raised, generously construed, asserts a violation of the Fourth Amendment's prohibition on unreasonable seizures of the person, in that Daoud alleges that he was unreasonably detained pretrial because his pretrial detention was caused by the false statement Foster included in a police report and the impact of that statement on Daoud's bail.

"By virtue of its 'incorporation' into the Fourteenth Amendment, the Fourth Amendment requires the States to provide a fair and reliable determination of probable cause as a condition for any significant pretrial restraint of liberty." Baker v. McCollan, 443 U.S. 137, 142 (1979) (citing Gerstein v. Pugh, 420

U.S. 103, 114 (1975)).  Upon arrest, if detention of an individual is sought, the arrestee is entitled to a determination by a judicial officer that "there is probable cause for detaining the arrested person pending further proceedings."  Gerstein, 420 U.S. at 120.  An individual may therefore be detained in a manner consistent with the requirements of the Fourth Amendment if there is a judicial determination of probable cause to believe that he committed the crime for which he was arrested.

Daoud does not challenge the propriety of his arrest but instead asserts that his detention was based solely on a false statement included in a police report.  Without an assertion that he was held without probable cause, however, Daoud has failed to allege a violation of the Fourth Amendment.

Daoud appears to allege that defendants have committed the state law tort of false imprisonment.  As explained by the Supreme Court, however, a state tort claim is not, by itself, cognizable under § 1983.

> Section 1983 imposes liability for violations of rights protected by the Constitution, not for violations of duties of care arising out of tort law. Remedy for the latter type of injury must be sought in state court under traditional tort-law principles . . .. [F]alse imprisonment does not become a violation of the Fourteenth amendment merely because the defendant is a state official.

Baker, 443 U.S. at 146. Daoud, having failed to allege that the state lacked probable cause to arrest him, or that he was denied any process due to him by the judicial officer setting bail, has not alleged a claim cognizable under § 1983 for a violation of the Fourth or Fourteenth Amendment, and has therefore not alleged a claim cognizable under § 1983. To the extent Daoud's claims are asserted thereunder, they should be dismissed.

C. Eighth Amendment Violation

Daoud's claim, that, due to the actions of defendants, his bail was set unreasonably high, generously construed, might also assert a claim that defendants violated Daoud's Eighth Amendment right not to be subjected to excessive bail. The Eighth Amendment dictates that "[e]xcessive bail shall not be required." U.S. Const. am. VIII.[2] The prohibition on excessive bail means that "[b]ail set at a figure higher than an amount reasonably calculated [to ensure the defendant's presence at trial] is 'excessive' under the Eighth Amendment." Stack v. Boyle, 342 U.S. 1, 5 (1951). The Eighth Amendment prevents bail from being set at an amount that is higher than what is necessary to ensure a defendant's presence at trial, not

---

[2] Although the Supreme Court has not specifically held the Eighth Amendment's Excessive Bail Clause to have been incorporated against the states, the Court has so assumed. See Browning-Ferris Indus. of Vt., Inc. v. Kelco Disposal, Inc., 492 U.S. 257, 284 (1989) (citing Schilb v. Kuebel, 404 U.S. 357, 365 (1971)); Baker, 443 U.S. at 144 n.3.

8

necessarily from being set higher than a defendant can post to obtain his pretrial release.

A plaintiff may state a claim under the Excessive Bail Clause against a police officer who provided false information in order to impact the bail amount if plaintiff can "establish both that his bail was excessive in violation of the Eighth Amendment and that [defendant police officer] actually and proximately caused his bail to be excessive." See Galen v. Cnty. of Los Angeles, 477 F.3d 652, 659 (9th Cir. 2007); see also Phelan v. Thompson, 889 F. Supp. 517, 522-23 (D.N.H. 1994) (finding that police officer subject to suit under § 1983 where officer intentionally made false statements to obtain arrestee's high bail and facts showed that those statements "were the catalyst for plaintiff's arrest and subsequent detention"). A plaintiff fails to establish causation, however, where the plaintiff fails "to adduce evidence of the reason for or motive behind the [bail-setter]'s enhancement of bail." Galen, 477 F.3d at 659.

Here, Daoud asserts that the false statement in Foster's report was the "but for" cause of his allegedly excessive bail amount. Daoud has not stated the amount at which his bail was set, only that he could not post his bail. Not knowing the amount of bail set renders nearly impossible the task of

9

evaluating whether the amount could be considered to be excessive.

Even crediting all of Daoud's assertions as true, and construing those assertions generously, the complaint fails to address any of the myriad factors concerning an arrestee's potential for flight or dangerousness to the community that may properly impact the amount at which bail is set. Specifically, the complaint does not reveal facts regarding Daoud's criminal history, if any, his history of appearing for scheduled court appearances, his ties to the community, or any other factors bearing on the risk that he would flee if released pretrial.

As to the bail-setter's consideration of Daoud's potential dangerousness, Daoud does not challenge the propriety of his arrest for first degree assault, a serious felony, that resulted in a significant, if not life-threatening, injury to the victim. Daoud does not include in his complaint any other facts that bear on whether his release on bail would have posed any danger to the community. Daoud cannot, therefore, assert a claim that his bail was excessive and his Eighth Amendment claim should be dismissed. See Galen, 477 F.3d at 659.

III. Pendant Jurisdiction: False Imprisonment Claim

Where, as here, there is no diversity of the parties, this court can obtain jurisdiction over plaintiff's state law false

imprisonment claim only by exercising its supplemental or pendant jurisdiction where the claim is part of the same case or controversy as a federal claim properly before this court. See 28 U.S.C. § 1367(a) (allowing court to exercise supplemental jurisdiction over state law claims that are "so related to the claims in the action within the original jurisdiction that they form part of the same case or controversy"); see also United Mine Workers v. Gibbs, 383 U.S. 715, 725 (1966). Because the court finds that Daoud has failed to state a violation of any federal right in this action, the court should decline to exercise its supplemental jurisdiction over the false imprisonment claim arising under state law, without prejudice to renewal of that claim in an action brought before a state court of competent jurisdiction.[3]

## Conclusion

For the foregoing reasons, the court recommends dismissal of this action in its entirety. Any objections to this Report and Recommendation must be filed within fourteen (14) days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). Failure to file objections within the specified time waives the right to appeal the district court's order. See Sch. Union No. 37 v.

---

[3]The court makes no comment on the merits of Daoud's false imprisonment claim.

United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010); United States v. Lugo Guerrero, 524 F.3d 5, 14 (1st Cir. 2008).

```
                                 _____
                                 Landya B. McCafferty
                                 United States Magistrate Judge
```

Date: October 25, 2011

cc: Mohamed Daoud, pro se

LBM:jba